UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER L. JOHNSON, SR., et al.,

    Plaintiffs,

    v.

GREAT WESTERN FUNDING, et al.,

    Defendants.
_____/

No. C 09-2301 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

    Before the court is the motion to dismiss of defendant JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver ("JPMorgan").  Also before the court is the motion to dismiss of defendant First American Title Company ("First American").  Plaintiffs filed no opposition to the motions by the date set by Civil Local Rule 7-3.  Having read defendants' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions.

    Plaintiffs Walter L. Johnson, Sr., and Gaynell T. Johnson obtained two loans on May 21, 2005 – one in the amount of $774,000 and one in the amount of $186,000.  Each of the loans was secured by a deed of trust on real property located at 4108 Fairway Avenue, Oakland, California.  As of May 2008, plaintiffs failed to make the loan payments.  A notice of default was recorded with the Alameda County Recorder on December 18, 2008.  A notice of trustee's sale was recorded with the Alameda County Recorder on May 7, 2009.

    Plaintiffs filed this action on May 22, 2009, against Great Western Funding ("Great Western"), Washington Mutual Bank ("Washington Mutual," not JPMorgan), GMAC, First American, and Atefa Samadi ("Samadi").  Plaintiffs allege that Samadi was a mortgage

broker, and agent acting on behalf of Great Western, the loan originator (broker).  Plaintiffs allege further that both Washington Mutual (now JPMorgan) and GMAC are loan servicers and each "is believed to be a successor in interest to Great Western Funding."  Finally, plaintiffs allege that First American is in the business of providing title services in the mortgage industry.

Plaintiffs allege that defendants failed to disclose the terms of a home refinance loan.  They allege six causes of action – violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b); unconscionability - predatory lending; unfair and deceptive practices, in violation of California Civil Code § 1570, et seq.; breach of fiduciary duty; fraud; and breach of contract and breach of the implied covenant of good faith and fair dealing.  Plaintiffs seek rescission, declaratory and injunctive relief, and damages, including punitive damages.

At the time the complaint was filed, plaintiffs did not request the clerk to issue summons.  The initial case management conference was held on September 3, 2009, but plaintiffs did not appear.  The court issued an order to show cause re dismissal.

On September 17, 2009, the clerk issued a notice re plaintiffs' counsel's failure to e-file or register as an e-filer, and directing plaintiffs to submit a .pdf version of the complaint within 10 days.

Also on September 17, 2009, the court held the hearing on the order to show cause, at which time the court discharged the order to show cause, and granted plaintiffs' request for an additional 30 days to serve defendants.  The court directed that the proof of service as to all defendants be filed no later than October 19, 2009. The court set a further case management conference for December 10, 2009, and directed that the joint case management conference statement be filed no later than December 3, 2009.

On October 14, 2009, plaintiffs for the first time requested the clerk to issue summons.  On October 19, 2009, plaintiffs filed proof of service of the summons and complaint on First American and on Washington Mutual (now JPMorgan).  No proof of service has been filed as to Great Western, GMAC, or Samadi.

On October 26, 2009, the court issued an order re failure to e-file, directing plaintiffs to e-mail a .pdf version of the complaint within ten days of the date of the order, in accordance with General Order 45. The court further advised that "[f]ailure to comply with this order may result in the imposition of monetary or other sanctions on a daily basis until the failure to comply with the General Order has been remedied." To date, plaintiffs have not complied with the October 26, 2009 order.

On November 4, 2009, First American filed the present motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a motion pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement. On November 6, 2009, JPMorgan filed the present motion to dismiss pursuant to Rule 12(b)(6). The motions were noticed for hearing on December 16, 2009. As noted above, plaintiffs filed no opposition to the motions.

As an initial matter, JPMorgan seeks dismissal of all claims asserted against it on the ground that it was not the original lender. The original lender, Washington Mutual Bank ("Washington Mutual"), was closed by the Office of Thrift Supervision on September 25, 2008. According to JPMorgan, the Federal Deposit Insurance Corporation ("FDIC") was on the same date appointed as receiver for Washington Mutual, and the bulk of Washington Mutual's assets were transferred to JPMorgan pursuant to a Purchase and Assumption Agreement entered into between FDIC-Receiver, the FDIC in its corporate capacity, and JPMorgan. The Agreement provided that JPMorgan did not assume the potential liabilities of Washington Mutual associated with claims of borrowers.

It appears that JPMorgan's position is correct. Given the absence of any opposition by plaintiffs, the court is inclined to grant the motion on this basis. However, the court will give plaintiffs an opportunity to amend the complaint, as indicated in the conclusion of this order.

The court finds further that any claim for TILA violations is time-barred. See 15 U.S.C. § 1640(e). To the extent that plaintiffs seek rescission, that claim is barred as well because plaintiffs have not alleged that they have the capacity to tender what was received

United States District Court
For the Northern District of California

in the original loan transaction.  See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003).  Thus, the first cause of action must be dismissed.

The second cause of action for predatory lending is evidently directed at defendants Great Western and Samadi, as plaintiffs allege that these two defendants used "their superior positions as lender and broker with knowledge of all the facts relating to the transaction," to take advantage of plaintiffs.  See Cplt ¶ 41.  However, plaintiffs failed to file a proof of service of the summons and complaint on those defendants by October 19, 2009, as previously ordered by the court.  Accordingly, Great Western and Samadi are dismissed from the case without prejudice.

Further, plaintiffs seek in this cause of action to "void" the transaction, which is another way of saying "rescind" the transaction.  However, plaintiffs cannot assert a viable rescission claim until they validly allege that they have the capacity to tender the loan proceeds.  See Fleming v. Kagan, 189 Cal. App. 2d 791, 796-97 (1961).

The fraud claims (third and fifth causes of action) must be dismissed for failure to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).  See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994).  Plaintiffs allegations lack the specificity required to state a viable fraud claim, and thus these causes of action must be dismissed.

The fourth cause of action for breach of fiduciary duty is asserted against Great Western and Samadi.  As indicated above, these two defendants are dismissed.

The sixth cause of action for breach of contract and breach of the implied covenant of good faith and fair dealing must be dismissed because is constitutes an attempt to plead around the requirements of TILA.  Plaintiffs allege that JPMorgan and GMAC "as successors in interest to the loan contracts were bound by the duty of good faith and fair dealing implied in every contract," and that they "breached this duty by failing to fully disclose Plaintiffs' rights under TILA and failing to provide notice requirements under TILA."  Accordingly, the sixth cause of action is dismissed for the same reasons as the first cause of action.  In addition, GMAC is dismissed from the case, without prejudice, because

plaintiffs failed to file a proof of service of the summons and complaint on GMAC by the deadline set by the court.

Finally, all claims against First American are dismissed, as plaintiffs allege no wrongdoing by First American. In particular, they plead no facts showing that First American had any involvement in the arranging, brokering, processing, or making of the Great Western loans. Because each cause of action in the complaint is premised on the conduct of the broker(s) and lender in allegedly inducing plaintiffs to refinance and enter into loans that they could not afford, by failing to make required disclosures, it does not appear that plaintiffs can cure the deficiency as to First Amendment by amending the complaint. Accordingly, the claims against First American are dismissed with prejudice. In accordance with the foregoing, the complaint is dismissed. In addition, as stated above, First American is dismissed with prejudice. Great Western, GMAC, and Samadi are dismissed without prejudice, for failure to serve.

The dismissal of JPMorgan is with leave to amend, to allege facts showing that JPMorgan is liable as the successor to Washington Mutual. In addition, plaintiffs may amend the rescission claims only if they are able to allege a present ability to tender the proceeds of the loans. The fraud claims are dismissed with leave to amend to plead the elements of fraud with particularity. Any amended complaint must be filed no later than January 4, 2010.

In addition, if plaintiffs fail to e-file the present complaint (as ordered on October 26, 2009) by December 10, 2009, the case will be dismissed in its entirety.

The date for the hearing on the present motions, previously set for December 16, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: December 4, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

5